# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| IN SHAPE HOLDINGS, LLC, *et al.*,[1] | Case No. 20-13130 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: April 5, 2021 at 4:00 p.m. (ET)** |
| | **Hearing Date: April 12, 2021 at 11:00 a.m. (ET)** |

## DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 365(d)(4) FOR ENTRY OF AN ORDER EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this motion (the "Motion") pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code") for the entry of an order, in substantially the form attached hereto as Exhibit A (the "Proposed Order"), extending the time within which the Debtors must assume or reject their remaining unexpired leases of nonresidential real property identified on Exhibit B (the "Unexpired Leases"), which have not yet been rejected or assumed and assigned to the Purchaser (as defined below), by 90 days, through and including July 13, 2021.

In support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's tax identification number are as follows: In-Shape Holdings, LLC (8112); In-Shape Health Clubs, LLC (2059); In-Shape Personal Training, LLC (7962). The notice address for the Debtors is 6507 Pacific Avenue, #344, Stockton, California 95207.

February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2] Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a), 305(a), 349, 363, 554 and 1112(b) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended or modified, the "<u>Bankruptcy Code</u>"), rules 1017(a) and 6007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), section 303 of Delaware Corporation Law, and section 1400 of the California Corporations Code.

## BACKGROUND

*General Background*

3. On December 16, 2020 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' cases.

4. On December 29, 2020, the Office of the United States Trustee (the "<u>U.S. Trustee</u>") appointed the Official Committee of Unsecured Creditors in the Chapter 11 Cases (the "<u>Committee</u>") [Dkt. No. 103].

5. A description of the Debtors and their business, and the facts and circumstances surrounding the Chapter 11 Cases are set forth in greater detail in the *Declaration of Sean K. Maloney in Support of Chapter 11 Petitions and First Day Motions* (the "<u>Maloney Declaration</u>") [Dkt. No. 14] and the *Declaration of Michael J. Kennedy in Support of (I) Bid Procedures and*

---

[2] Pursuant to Local Rule 9013-1(f), the Debtors hereby confirm their consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

*Sale Motion and (II) Debtor-in-Possession Financing Motion* (the "Kennedy Declaration" and, jointly with the Maloney Declaration, the "First Day Declarations") [Dkt. No. 15].

**Sale of the Debtors' Assets**

6. On February 19, 2021, the Court entered the *Order (A) Authorizing and Approving the Sale of Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Dkt. No. 281] (the "Sale Order"). Pursuant to the Sale Order, the Debtors sold substantially all of the Debtors' assets to In-Shape Solutions, LLC, as assignee of In-Shape Acquisition 2021, LLC (the "Purchaser"), pursuant to an asset purchase agreement (as amended, the "Asset Purchase Agreement"). The Sale closed on March 1, 2021.

**The Unexpired Leases**

7. As fully described in the First Day Declarations, the Debtors had various leases and contracts, including a lease portfolio of 47 clubs as of the Petition Date. In connection with the Sale, the Debtors assumed and assigned many of their executory contracts and unexpired leases at Closing. Pursuant to the Asset Purchase Agreement and the Sale Order, the Debtors agreed to refrain from rejecting certain contracts and leases (the "Designation Rights Contracts") in order to give the Purchaser time to determine whether to designate such contract or lease as a Purchased Contract subsequent to the Closing, so long as the Purchaser pays all obligations and administrative expenses accrued or incurred under each Designation Rights Contract. At the Closing, as authorized under the Sale Order, the Debtors agreed with the Purchaser to keep open and license to the Purchaser Designation Rights Contracts associated with twenty-five club locations, and the Purchaser agreed to pay all administrative expenses of the Debtors incurred as a result of the

Debtors maintaining the Designation Rights Contracts, including all rent and other obligations under the Designation Rights Contracts, as well as professional fees and other administrative expenses.

8. As of the filing of this Motion, after the Closing, the Debtors assumed and assigned to the Purchaser the unexpired leases that were Designation Rights Contracts with respect to four club locations. The Debtors and the Purchaser are engaged in negotiations with the landlords for the remaining Unexpired Leases that are Designation Rights Contracts and have reached agreements in principle with many of those landlords embodying amendments and modifications to the Unexpired Leases that are acceptable to the Purchaser. Finalization of those amendments and modifications will enable the Purchaser to make its final determination on which Unexpired Leases it will designate for the Debtors to assume and assign to the Purchaser. Although it is possible that the negotiations will conclude and the Purchaser will be able to make its final determination prior to April 15, 2021, the Purchaser has requested that the Debtors file this Motion and seek a 90-day extension pursuant to section 365(d)(4) of the Bankruptcy Code so that it will have more time, should it be necessary, to continue negotiations and evaluate the Unexpired Leases.

## RELIEF REQUESTED

9. By this Motion, the Debtors respectfully request that this Court grant a 90-day extension of the period to assume or reject the Unexpired Leases pursuant to section 365(d)(4), through and including July 13, 2021.

## BASIS FOR RELIEF

10. A debtor automatically is deemed to have rejected its nonresidential real property leases by the earlier of 120 days from the petition date or the date on which a plan of reorganization

is confirmed. 11 U.S.C. § 365(d)(4)(A). However, a bankruptcy court may extend the assumption or rejection period for unexpired nonresidential real property leases for up to 90 days "for cause." *Id*. at § 365(d)(4)(B). The Bankruptcy Code does not define "cause" as used in section 365(d)(4), but courts generally consider the following non-exclusive factors:

    (a)    whether the leases are an important asset of the estate such that the decision to assume or reject would be central to a plan of reorganization;

    (b)    whether the cases are complex and involve large numbers of leases;

    (c)    whether the lessor continues to receive postpetition rental payments; and

    (d)    whether the debtor has had insufficient time to develop a plan.

*South St. Seaport L. P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 61 (2d Cir. 1996); *In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987).

11. Application of these factors to the circumstances of these chapter 11 cases demonstrates that cause exists to extend the time within which the Debtors may assume or reject the Unexpired Leases.

12. The decision of whether to assume or reject the Unexpired Leases is a key step in the Debtors' efforts to maximize the value of their estates for the benefit of the Debtors' creditors. The Debtors and the Purchaser are actively engaged in negotiations with the landlords for the Unexpired Leases, which will guide the Purchaser's decision as to whether it ultimately will designate the Unexpired Leases for assumption and assignment. The Purchaser has requested that the Debtors seek this 90-day extension to enable more time, to the extent necessary, for those negotiations to conclude and for the Purchaser to make its determination as to which Unexpired Leases it would like to have assigned to it. If compelled to decide whether to assume or reject the Unexpired Leases prematurely, before those negotiations have concluded and the Purchaser has made a final determination as to which leases to have assigned to it, the Debtors might be forced

to assume the Unexpired Leases without the Purchaser having agreed to have such leases assigned, which could lead to administrative claims against the Debtors' estates that the Debtors do not have the ability to pay, if the Purchaser ultimately determines not to have the leases assigned to it. Conversely, if the Debtors precipitously reject the Unexpired Leases, the Debtors would create large and unwarranted rejection damages claims, which would cause harm to the Debtors' estates and the creditors that are the landlords under such Unexpired Leases, as well as the Debtors' former employees, members, and vendors who might otherwise work, be served, or do business at the respective clubs under those Unexpired Leases.

13. The requested extension of time to assume or reject the Unexpired Leases will not prejudice the landlord counterparties to the Unexpired Leases. During this period, the Debtors are paying all postpetition rent and other obligations under the Unexpired Leases as they come due. The requested extension also will not adversely affect the substantive rights of any of the landlords to the remaining Unexpired Leases.

14. Nor will the requested extension of time harm the Debtors' estates or other creditors. The landlords are the Debtors' largest unsecured creditor constituency, and it is to the benefit of the landlords that the Debtors not be forced prematurely to reject the Unexpired Leases while negotiations are ongoing. But the requested extension also will not harm the Debtors' other creditors or parties in interest, because the Purchaser has agreed to advance or reimburse to the Debtors all administrative expenses associated with the Debtors' maintaining the Unexpired Leases and other Designation Rights Contracts, including but not limited to postpetition rent and other obligations, as well as related professional fees and other administrative expenses.

15. Notably, on December 27, 2020 the Consolidated Appropriations Act, 2021 (the "<u>Act</u>") was signed into law. Pursuant to the Act, section 365(d)(4)(A)(i) of the Bankruptcy Code

was amended to provide debtors with 210 days (as opposed to 120 days) from the filing date to assume or reject unexpired nonresidential leases. *See* Consolidated Appropriations Act, 2021, H.R. 133, 116th Cong. Title X, Sec. 1001(f) (2020). The Act maintains the Bankruptcy Code's provision for an additional 90-day extension of such deadline to assume or reject unexpired nonresidential leases "for cause." 11 U.S.C. § 365(d)(4)(B). Although the deadline to assume or reject unexpired nonresidential leases has been extended by the Act, the Debtors are filing this Motion to be heard in advance of the deadline established by the Bankruptcy Code prior to amendment by the Act (*i.e.* 120 days from the Petition Date, or April 15, 2021), out of an abundance of caution, in the event that the Act is determined not to apply to chapter 11 cases that were filed prior to the enactment of the Act.

16. For the foregoing reasons, the Debtors submit that cause exists for the extension and that the extension is reasonable and appropriate under the circumstances and should be granted as being in the best interests of the Debtors' estates and their creditors.

## **NOTICE AND NO PRIOR REQUEST**

17. The Debtors have provided notice of this Motion to the following or in lieu thereof, their counsel, if known: (i) the U.S. Trustee; (ii) the agent for the Prepetition Secured Lenders; (iii) the DIP Agent; (iv) the Committee; (v) the landlords that are counterparties under the Unexpired Leases; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no other or further notice is necessary.

18. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested herein and such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: March 22, 2021<br>Wilmington, Delaware | **TROUTMAN PEPPER HAMILTON SANDERS LLP**<br><br>By: *Evelyn J. Meltzer*<br>David M. Fournier (Del. Bar No. 2812)<br>Evelyn J. Meltzer (Del. Bar No. 4581)<br>Marcy J. McLaughlin Smith (Del. Bar No. 6184)<br>Hercules Plaza, Suite 5100<br>1313 Market Street<br>Wilmington, Delaware 19801<br>Tel: (302) 777-6500<br>Fax: (302) 421-8390<br>Email: david.fournier@troutman.com<br>            evelyn.meltzer@troutman.com<br>            marcy.smith@troutman.com<br><br>-and-<br><br>KELLER BENVENUTTI KIM LLP<br><br>Tobias S. Keller (admitted pro hac vice)<br>Jane Kim (admitted pro hac vice)<br>650 California Street, Suite 1900<br>San Francisco, California 94108<br>Tel: (415) 496-6273<br>Fax: (650) 636-9251<br>Email: tkeller@kbkllp.com<br>            jkim@kbkllp.com<br><br>*Attorneys for Debtors and Debtors in Possession* |

#114344784 v4